JACINTO SUÁREZ-MIGOYA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN, Respondent.

No. 666. Submitted January 21, 1927.—Decided January 28, 1927.

*Heriberto Torres Solá* for the appellant. The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Upon recording a certain lot in the name of the municipality of Trujillo Alto mention was made of the fact that Domingo Díaz, by and with the consent and permission of the municipality, had constructed a building upon the lot in question.

Record of a mortgage upon the house referred to in the

entry last above mentioned was subsequently refused because the building had not been recorded in the name of the mortgagor, as required by article 20 of the Mortgage Law.

We need not question the contention of appellant that the house constructed by the mortgagor is accessory to the usufruct granted by the municipality and eligible to record upon compliance with the formalities prescribed by law. But we can not agree that a mere mention of the existence of the house and of the grant by the municipality, in the entry made upon recording the title to the lot in the name of the municipality, is equivalent to a formal record of the building or of the usufruct in question in the name of another owner.

What article 20 contemplates and requires as a condition precedent to the record of a transfer or incumbrance of a building so constructed is a previous record of the property in question in the name of the owner and evidenced by a separate and independent entry in the registry of property. A mere recital contained in an entry made upon recording a deed in the name of the owner of the soil is not a record of the title to a building standing upon the land but constructed by and belonging to a different owner, nor is it a record of such owner's title to the usufruct. *Martin et al.* v. *Registrar*, 22 P.R.R. 139; *Santos* v. *Registrar*, 27 P.R.R. 778; *Rodríguez et al.* v. *Registrar*, 30 P.R.R. 462.

The ruling appealed from must be affirmed.